JOHN C. WOOD v. ADOLPHUS F. STARLING ET AL.

*Promissory note—Transferee of bona fide holder.*

A transferee from a *bona fide* holder is entitled to recover on a promissory note given in a partnership name, even though before taking it he had notice that it was given by one of the partners, without authority, for his individual debt.

Error to Wayne. Submitted June 14. Decided June 21.

ASSUMPSIT. Defendants bring error. Affirmed.

*Albert J. Chapman* for appellants. In a suit on a note by the assignee, its ownership is immaterial, for it may have been assigned for the purpose of bringing suit: *Herbstreit. v. Beckwith* 35 Mich. 93; *Brown v. McHugh* 35 Mich. 50; *Boyd v. Corbitt* 37 Mich. 52; *Knapp v. Lee* 42 Mich. 41; banks are bound to know the signatures of their depositors: *National Bank of the Commonwealth v. Grocers' National Bank*, 35 How. Pr. 412; if they do not know them to be genuine they must take time to ascertain: *Weisser v. Denison* 10 N. Y. 68; *Morgan v. Bank of New York* 11 N. Y. 404.

*Charles H. Freeman* for appellee. The assignee of a *bona fide* holder of negotiable paper can recover on it though he purchased after maturity and with full notice of infirmities in it: *Peabody v. Rees* 18 Ia. 571; *Hascall v. Whitmore* 19 Me. 102; *Woodman v. Churchill* 52 Me. 58.

MARSTON, J. The defendants, co-partners, were sued upon a promissory note purporting to have been executed by and in the name of the firm, and made payable to the order of John R. Parsons. They pleaded the general issue and denied the execution of the instrument. It appeared, and was not disputed on the trial, that the note was given by one member of the firm for his individual debt, and that the other members gave no authority therefor.

There was evidence given tending to show that the American National Bank was a *bona fide* holder of this paper, and that after the note became due the bank transferred it to the plaintiff, who had notice that it was given without authority for the debt of one of the makers.

The court charged the jury in substance that if the bank was a *bona fide* holder, it could have recovered, and that the plaintiff would have a like right, notwithstanding the fact that he had notice of the infirmity. This ruling was correct. *Kost v. Bender* 25 Mich. 515.

The judgment must be affirmed with costs.

The other Justices concurred.